UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-cv-22483-BLOOM/Louis

CIBELY MONTIEL,

    Plaintiff,

v.

ANDREW SAUL,
Commissioner for Social Security
Administration,

    Defendant.
    _____/

## ORDER

**THIS CAUSE** is before the Court upon Plaintiff's Motion for Summary Judgment, ECF No. [17] ("Plaintiff's Motion"), and Defendant's Motion for Summary Judgment, ECF No. [20] ("Defendant's Motion") (collectively, the "Motions"). The Motions were previously referred to the Honorable Lauren F. Louis, United States Magistrate Judge, for a Report and Recommendation, ECF No. [2]. On June 23, 2020, Judge Louis issued a Report and Recommendations, ECF No. [26] ("R&R"), recommending that (i) Plaintiff's Motion be granted in part, (ii) Defendant's Motion be denied, and (iii) the Administrative Law Judge's Decision ("ALJ's Decision") be "reversed and remanded with instructions to reassess and state with particularity her credibility determinations as to Plaintiff's subjective symptoms and limitations including the weight afforded to Plaintiff's treating physicians, and to reanalyze steps three through five of the Social Security sequential inquiry." *See id.* at 21-22. The R&R advised the parties that objections to the R&R must be filed within fourteen (14) days. *Id.* at 22. On July 7, 2020, Defendant filed Objections to the Magistrate Judge's Report and Recommendations, ECF

No. 27 ("Defendant's Objections"). Plaintiff did not file any objections, but she responded in opposition to Defendant's Objections on July 13, 2020. *See* ECF No. [28] ("Plaintiff's Response").

The Court has carefully considered the R&R, Defendant's Objections, Plaintiff's Response, the record in this case, the applicable law, and is otherwise fully advised. Moreover, the Court has conducted a *de novo* review of the R&R in light of Defendant's Objections. *See Williams v. McNeil*, 557 F.3d 1287, 1291 (11th Cir. 2009) (citing 28 U.S.C. § 636(b)(1)); *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006) ("Where a proper, specific objection to the magistrate judge's report is made, it is clear that the district court must conduct a *de novo* review of that issue."). For the reasons set forth below, the Court finds Judge Louis' R&R to be well-reasoned and the analysis to be correct.

## I. BACKGROUND

The Court adopts Judge Louis' description of the administrative history and record below, ECF No. [26] at 2-14, and incorporates it by reference herein.

## II. LEGAL STANDARD

Defendant does not object to Judge Louis' recitation of the standard for judicial review of a final decision by the Commissioner of the Social Security Administration, which, in any event, is correct.[1] *See* ECF No. [26] at 2-3. Judicial review of the ALJ's Decision is limited to whether "'it is supported by substantial evidence and based on proper legal standards.'" *Crawford v. Comm'r*, 363 F.3d 1155, 1158 (11th Cir. 2004) (quoting *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997)). "'Substantial evidence is more than a scintilla and is such relevant evidence as

---

[1] Here, the October 3, 2018 administrative law judge ("ALJ") determination became the Commissioner's "final decision" when the Appeals Council denied Plaintiff's request for review. *See* ECF No. [26] at 2; *see also Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986) ("[Plaintiff] exhausted his administrative remedies whereupon the ALJ's determination became the Secretary's final decision.").

a reasonable person would accept as adequate to support a conclusion.'" *Id.* (quoting *Lewis*, 125 F.3d at 1439); *accord Hale v. Bowen*, 831 F.2d 1007, 1011 (11th Cir. 1987) (substantial evidence is "more than a mere scintilla, but less than a preponderance") (internal quotation and citation omitted). A court, however, "'may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [ALJ].'" *Winschel v. Comm'r*, 631 F.3d 1176, 1178 (11th Cir. 2011) (internal quotation marks and citations omitted); *accord Packer v. Comm'r, Soc. Sec. Admin.*, 542 F. App'x 890, 891 (11th Cir. 2013) ("[W]e may not reweigh the evidence or substitute our judgment for that of the ALJ.") (citing *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005)). "A clearly articulated credibility finding with substantial supporting evidence in the record will not be disturbed by a reviewing court." *Foote v. Chater*, 67 F.3d 1553, 1562 (11th Cir. 1995). Even if evidence preponderates against the ALJ's Decision, a court must affirm "if the decision is supported by substantial evidence." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983) (citing 42 U.S.C. § 405(g)). Through this lens, the Court addresses Defendant's Objections.

**III.     DISCUSSION**

Upon review, the Court finds Judge Louis' R&R to be well reasoned and correct, and the Court agrees with the analysis in Judge Louis' R&R. Defendant maintains that the R&R errs because "[n]one of the evidence identified by the Magistrate Judge constitutes a medical opinion under the regulations." ECF No. [27] at 2. Defendant's Objections are improper because they largely expand upon and reframe arguments already made and considered by the Magistrate Judge in her R&R, or simply disagree with the R&R's conclusions. "It is improper for an objecting party to . . . submit [] papers to a district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge. Clearly, parties are not to be afforded a 'second bite at the apple' when they file objections to a

[Report and Recommendations]." *Marlite, Inc. v. Eckenrod*, No. 10-23641-CIV, 2012 WL 3614212, at *2 (S.D. Fla. Aug. 21, 2012) (quoting *Camardo v. Gen. Motors Hourly-Rate Emps. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992)). In any event, Defendant's argument regarding "medical opinions" was properly rejected by Judge Louis, ECF No. [26] at 18, and has been rejected by the United States Court of Appeals for the Eleventh Circuit. *See Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011); *see also Baez v. Comm'r of Soc. Sec.*, 657 F. App'x 864, 870 (11th Cir. 2016).

Further, Defendant's argument that Dr. Hoy and Dr. Delgado's diagnoses "say nothing about the severity of a condition" is not well taken. ECF No. [27] at 3. Dr. Hoy diagnosed Plaintiff with "major depressive disorder, recurrent episode, moderate" and found Plaintiff to be "sad, depressed, anxious, labile affect" and "impaired; unable to make good decisions." ECF No. [11] at 1303-04. Similarly, Dr. Delgado diagnosed Plaintiff with "major depressive disorder, recurrent episode, severe," determined that certain medications needed to be increased or discontinued and found Plaintiff to have "no clinical improvement" during the course of her follow-up visits. ECF No. [11-1] at 2271-76. Defendant's Objections are thus overruled.[2]

**IV.     CONCLUSION**

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

---

[2] Although the Court overrules Defendant's Objections, it takes exception to Plaintiff's snide remark in the Reply that "this is the same old song and dance the Commissioner performs whenever an ALJ denies a claimant's application for benefits[.]" ECF No. [28] at 2. While it is appropriate to challenge a party's arguments as lacking in merit, it is entirely improper to attack a party itself merely because one disagrees with the opposing arguments presented. The Local Rules state that it is a "fundamental tenet of this Court" that attorneys be governed at all times by a spirit of professionalism and civility. The practice of law rightfully demands adherence to the highest levels of professionalism and civility. Counsel's gratuitous comments fall below expectations.

1. Magistrate Judge Louis' Report and Recommendations, **ECF No. [26]** is **ADOPTED**;

2. Plaintiff's Motion, **ECF No. [17]**, is **GRANTED IN PART**;

3. Defendant's Motion, **ECF No. [20]**, is **DENIED**;

4. Defendant's Objections, **ECF No. [27]**, are **OVERRULED**;

5. The ALJ's Decision is **REVERSED AND REMANDED** for further proceedings for the ALJ to reassess and state with particularity her credibility determinations as to Plaintiff's subjective symptoms and limitations including the weight afforded to Plaintiff's treating physicians, and to reanalyze steps three through five of the Social Security Administration sequential inquiry;

6. To the extent not otherwise disposed of, any scheduled hearings are **CANCELED**, all pending motions are **DENIED** as moot, and all deadlines are **TERMINATED**;

7. The Clerk is directed to **CLOSE** this case.

**DONE AND ORDERED** in Miami, Florida, this 12th day of August, 2020.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record